UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
TZUMI ELECTRONICS LLC, :
:
Plaintiff, :
: 22-CV-10307 (JMF)
-v- :
: MEMORANDUM OPINION
THE BURLINGTON INSURANCE COMPANY, : AND ORDER
:
Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this lawsuit, Plaintiff Tzumi Electronics LLC ("Tzumi") seeks a declaration that its insurer, the Burlington Insurance Company ("Burlington"), has a contractual duty to defend it in *Therabody, Inc. v. Tzumi Electronics LLC*, No. 21-CV-7803 (PGG) (S.D.N.Y) (the "*Therabody* Action"), a patent infringement case pending in this District. *See* ECF No. 1 ("Compl."), at 2. Burlington now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss, arguing that the insurance policy does not cover the *Therabody* Action and, in any event, that coverage is excluded by a rider. *See* ECF No. 22 ("Def.'s Mem."), at 5-6. The Court agrees with Burlington's latter argument, as a rider to the policy unambiguously excludes coverage of "claims for 'any injury or damage' caused by or arising out of the actual or alleged infringement or violation of any intellectual property rights or laws, including" patent. Accordingly, and for the reasons discussed below, Burlington's motion to dismiss is granted, and Tzumi's cross-motion for partial summary judgment, *see* ECF No. 25, is denied as moot.

## BACKGROUND

The following facts, drawn from the Complaint and documents attached to it, are assumed to be true for purposes of this motion and construed in the light most favorable to Tzumi. *See, e.g.*, *Kleinman v. Elan Corp., PLC*, 706 F.3d 145, 152 (2d Cir. 2013).

In 2020, Burlington issued a primary commercial general liability policy (the "Policy") to Tzumi, effective December 19, 2020, to December 19, 2021. Compl. ¶ 11; *see also* ECF No. 1-1 (the "Policy").[1] As relevant here, the Policy imposed on Burlington a duty to defend Tzumi in any "suit" seeking "damages because of 'personal injury' or 'advertising injury'" caused by an enumerated offense, including "[o]ral or written publication . . . of material that . . . disparages a person's or organization's goods, products or services" and "[t]he use of another's advertising idea in [Tzumi's] 'advertisement.'" Compl. ¶¶ 12-14; Policy 22, 31.

The Policy, however, also included certain "exclusions," two of which are at issue here. Policy 22. The first, titled "Infringement Of Copyright, Patent, Trademark Or Trade Secret" (the "IP Exclusion"), provided that the Policy did "not apply to":

> "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your 'advertisement'. [sic]
>
> However, this exclusion does not apply to infringement, in your "advertisement", [sic] of copyright, trade dress or slogan.

*Id.* at 23. Second, a rider, titled "EXCLUSION - INTELLECTUAL PROPERTY" (the "IP Rider"), provided that the Policy did "not apply to claims for 'any injury or damage' caused by or arising out of the actual or alleged infringement or violation of any intellectual property rights

---

[1] Citations to page numbers in ECF No. 1-1 are to the page numbers automatically generated by the Court's electronic filing system.

or laws, including but not limited to: 1. Copyright; 2. Patent; 3. Trade dress; 4. Trade name; 5. Trade secret; or 6. Trademark." *Id.* at 56.  The IP Rider further provided that "THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY." *Id.*

On September 17, 2021, Theragun, Inc. — which later changed its name to Therabody, Inc. ("Therabody") — filed the *Therabody* Action.  Compl. ¶ 17; ECF No. 1-3 ("*Therabody* SAC"), at 2 n.1.  In the operative Second Amended Complaint, filed on May 9, 2022, Therabody "explicitly alleges fourteen distinct claims of patent infringement."  Compl. ¶¶ 18-19; *see Therabody* SAC ¶¶ 34-219.  Indeed, Paragraph 7 of the *Therabody* Second Amended Complaint states explicitly: "This is an action for patent infringement under the patent laws of the United States . . . ." *Therabody* SAC ¶ 7.  The Second Amended Complaint alleges that Therabody "is, and has been, irreparably harmed by [Tzumi's] on-going infringement, including" various "harm which cannot be quantified or recouped through monetary damages," such as "lost market share," "loss of first mover advantage," "negative effect on its reputation as innovator and pioneer," and losses from Tzumi's "unauthorized sales that are enticing others to offer for sale and sell infringing [products] that leads [sic] to additional irreparable harm."  *Id.* ¶ 55; *accord id.* ¶¶ 70, 85, 96, 107, 118, 129, 140, 152, 166, 177, 188, 203, 218.

By letter dated September 12, 2022, Tzumi demanded that Burlington defend it in the *Therabody* Action.  Compl. ¶ 21; *see* ECF No. 1-4.  Tzumi claimed that Burlington had a duty to defend because Therabody was seeking damages for "'personal injury' or 'advertising injury'" caused by either or both "[o]ral or written publication . . . of material that . . . disparages a person's or organization's goods, products or services" and "[t]he use of another's advertising idea in [Tzumi's] 'advertisement.'"  Compl. ¶ 21.  By letter dated November 29, 2022,

Burlington denied coverage, *see* Compl. ¶ 22; ECF No. 1-5, and this lawsuit — seeking a declaration that Burlington is obligated to defend Tzumi in the *Therabody* Action — followed.

## APPLICABLE LEGAL STANDARDS

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018). A court will not dismiss any claims unless the plaintiff has failed to plead sufficient facts to state a claim to relief that is facially plausible, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that is, one that contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More specifically, the plaintiff must allege facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, if the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [those claims] must be dismissed." *Id.* at 570.

## DISCUSSION

Under New York law, which applies here, an insured has the burden to prove in the first instance that a loss falls within the scope of the policy's coverage. *See, e.g.*, *Ment Bros. Iron Works Co., Inc. v. Interstate Fire & Cas. Co.*, 702 F.3d 118, 121 (2d Cir. 2012). If the insured does so, then the burden shifts to the insurer to prove the applicability of an exclusion. *Id.* Where, as here, a policy contains multiple exclusions, "if any one exclusion applies there can be no coverage." *Lepore v. Hartford Fire Ins. Co.*, 800 F. App'x 29, 31 (2d Cir. 2020) (summary order) (quoting *Maroney v. N.Y. Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 471 (2005)). That said,

4

an "insurance company's duty to defend is 'broader than its duty to indemnify,' and an insurer seeking to disclaim coverage on the basis of an exclusion 'will be required to provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation.'" *Id.* (quoting *Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006)). In analyzing whether an exclusion applies to a claim, the focus is "on the complaint's factual allegations rather than its legal assertions." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 142 (2d Cir. 2014); *see also Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 834 N.Y.S. 2d 736, 739-40 (2007).

Applying these standards, the Court has little trouble concluding that Tzumi's claim for coverage fails as a matter of law. Indeed, it is doubtful that Tzumi could even meet its initial burden of demonstrating coverage given that the *Therabody* Action involves only claims of patent infringement and the relief it seeks is limited to those claims. *See, e.g., Elite Brands, Inc. v. Pa. Gen. Ins. Co.*, 164 F. App'x 60, 61-62 (2d Cir. 2006) (summary order) (holding that where the complaint in an underlying lawsuit raised claims of patent infringement, including the sale and importation of infringing products, but did not raise allegations of advertising injury, the insured could not seek coverage under "advertising injury" policy provisions). And even if Tzumi could meet its burden of demonstrating coverage in the first instance, its duty-to-defend claim would almost certainly fail under the IP Exclusion, which, as noted, excludes coverage for "'[p]ersonal and advertising injury' arising out of the infringement of . . . patent . . . rights." Policy 23. But the Court need not and does not decide either of those questions because, even if Tzumi could somehow clear both of those hurdles, its claim is doomed by the unambiguous language of the IP Rider.

The IP Rider — which is prominently marked in all capital letters as an "EXCLUSION" applicable to "INTELLECTUAL PROPERTY" and an "ENDORSEMENT" that "CHANGES THE POLICY" — broadly and unambiguously provides that the relevant part of the Policy "does not apply to claims for 'any injury or damage' caused by or arising out of the actual or alleged infringement or violation of any intellectual property rights or laws, including . . . Patent." Policy 56. "Any injury or damage" is defined, in turn, as "*any* injury or damage covered under any Coverage Part to which [the] endorsement is applicable," which indisputably includes the coverage provisions at issue here. *Id.* (emphasis added). The *Therabody* Action falls squarely within the scope of this exclusion, as it alleges patent infringement claims — and *only* patent infringement claims — and it seeks damages and other relief "arising out of" such infringement. *See Therabody* SAC ¶ 7 ("This is an action for patent infringement under the patent laws of the United States . . . ."); *id.* Prayer for Relief; *see also* Compl. ¶ 19 ("Therabody explicitly alleges fourteen distinct claims of patent infringement."). In short, the allegations of the *Therabody* Second Amended Complaint "cast that pleading solely and entirely within the" IP Rider and "the allegations, in toto, are subject to no other interpretation.'" *Lepore*, 800 F. App'x at 31.

Tzumi's arguments to the contrary fail to persuade. First, Tzumi contends that the IP Rider "cannot apply . . . because the 'any intellectual property rights or laws' it references . . . cannot apply to 'use of another's advertising idea in your 'advertisement'" — the language in the separate IP Exclusion — or the two exclusions "would be internally inconsistent." ECF No. 31 ("Pl.'s Opp'n"), at 14. But this contention is based on a fundamental misunderstanding of how to construe insurance policy exclusions. Courts "interpret exclusions of policies 'seriatim, not cumulatively, and if any one exclusion applies there can be no coverage since no one exclusion can be regarded as inconsistent with another.'" *Coney Island Auto Parts Unlimited, Inc. v.*

*Charter Oak Fire Ins. Co.*, 619 F. App'x 28, 30 (2d Cir. 2015) (summary order) (quoting *Zandri Const. Co. v. Firemen's Ins. Co. of Newark*, 440 N.Y.S.2d 353, 356 (1981)).  In other words, the IP Rider — by its terms — "CHANGES" the Policy, including the IP Exclusion, and adds an independent, arguably broader exclusion.  Policy 56.  That is not inconsistent.

Second, Tzumi argues that "[*i*]*mplied* disparagement . . . and unfair competition" claims are "expressly alleged" in the *Therabody* Second Amended Complaint "concerning '[Tzumi's] use of [Therabody's] advertising ideas in [Tzumi's] 'advertisements' . . . ."  Pl.'s Opp'n 3-4; *see id.* at 14-19.  This argument does not survive scrutiny for two reasons.  For one, it is impossible to square with the *Therabody* Second Amended Complaint, which, as noted, pleads only patent infringement claims.  Yes, in determining whether an exclusion applies, the focus is "on the complaint's factual allegations rather than its legal assertions."  *Euchner-USA*, 754 F.3d at 142.  But Tzumi's argument does not find support in the *Therabody* Second Amended Complaint's factual allegations; instead, it depends on rewriting them altogether.  For another, whether or not the allegations in the *Therabody* Second Amended Complaint could support claims for disparagement and unfair competition — an issue on which the parties spill much ink — is beside the point.  Even if such claims could be read into the pleading, they would "aris[e] out of" the asserted patent infringement claims, which is all that matters for purposes of the IP Rider.

Indeed, Tzumi does not — and cannot — point to any damages or relief that Therabody seeks that do not flow directly from the underlying patent infringement claims.  In arguing otherwise, Tzumi selectively quotes various phrases in the *Therabody* Second Amended Complaint — for example, that Tzumi's conduct has "caused a 'loss of first mover advantage' and had a 'negative effect on [Therabody's] reputation as innovator and pioneer.'"  Pl.'s Opp'n 5 (quoting *Therabody* SAC ¶¶ 55, 70, 85, 96, 107, 118, 129, 140, 152, 166, 177, 188, 203, 218).

7

But Tzumi ignores the context of these allegations, which are repeated in each of Therabody's fourteen separate patent infringement claims. In each instance, the allegations are introduced by the following phrase: "Therabody is, and has been, irreparably harmed by Defendants' *on-going infringement*, *including* the following harm . . . ." *Therabody* SAC ¶ 55 (emphasis added); *accord id.* ¶¶ 70, 85, 96, 107, 118, 129, 140, 152, 166, 177, 188, 203, 218. On their face, therefore, these damages clearly "aris[e] out of" Therabody's underlying patent infringement claims and, thus, fall within the scope of the IP Rider. Again, Tzumi's arguments do not just depend on reading into the *Therabody* Second Amended Complaint; they depend on completely rewriting it.

Finally, and relatedly, Tzumi argues that "arising out of" necessarily requires proximate causation and that "[t]he alleged patent infringement is not the proximate cause of the disparagement or the use of another's advertising idea." Pl.'s Opp'n 16. But Tzumi is wrong about New York law. The New York Court of Appeals has explicitly rejected the proposition that "arising out of" in the insurance context amounts to proximate cause. *See Burlington Ins. Co. v. N.Y.C. Transit Auth.*, 29 N.Y.3d 313, 324 (2017). Instead, the phrase is "ordinarily understood to mean originating from, incident to, or having connection with"; it "requires only that there be some causal relationship between the injury and the risk for which coverage is provided." *Maroney*, 5 N.Y.3d at 472. And in any event, as discussed above, the *Therabody* Second Amended Complaint explicitly alleges that all of the damages and relief that Therabody seeks was proximately caused by the underlying patent infringement. *See Therabody* SAC ¶¶ 55, 70, 85, 96, 107, 118, 129, 140, 152, 166, 177, 188, 203, 218.

## CONCLUSION

At bottom, Tzumi's claim for coverage from Burlington depends on rewriting either or both the language of the parties' Policy and the allegations in the *Therabody* Second Amended Complaint. But the Court may not do either. Instead, its obligation "is to give effect to the intent of the parties as expressed in the clear language of the contract." *Mount Vernon Fire Ins. Co. v. Belize NY, Inc.*, 277 F.3d 232, 236 (2d Cir. 2002) (cleaned up). Accordingly, and for the reasons stated above, Burlington's motion to dismiss must be and is GRANTED, and Tzumi's cross-motion for partial summary judgment must be and is DENIED as moot.

The Clerk of Court is directed to terminate ECF Nos. 21 and 24, to enter judgment consistent with this Memorandum Opinion and Order, and to close the case.

SO ORDERED.

Dated: August 2, 2023
      New York, New York

                                            JESSE M. FURMAN
                                          United States District Judge